UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MARIA IKOSSI, M.D., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00023-LEW |
| | ) | |
| ST. MARY'S REGIONAL | ) | |
| MEDICAL CENTER, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER ON MOTION TO DISMISS

The matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Motion to Dismiss (ECF No. 27).

"To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Guadalupe-Báez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (cleaned up).  Plausible "means something more than merely possible," *Schatz v. Republican State Leadership Comm*., 669 F.3d 50, 55 (1st Cir. 2012), but is "not akin to a 'probability requirement.'" *Iqbal*, 556 U.S. at 678.  Ultimately, "a well-pleaded complaint may proceed even if . . . recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quotation omitted).

Because Plaintiff's Amended Complaint sets forth plausible claims for relief, Defendants' Motion to Dismiss is denied.

**Background**

Dr. Maria Ikossi is a surgeon of Greek Cypriot lineage in her 70s. Although she has lived in the United States since age 17, Dr. Ikossi speaks English with an accent. Dr. Ikossi also has a physical disability related to her vision, though she denies that it impedes her work as a surgeon.

In 2018, Defendant St. Mary's Regional Medical Center, acting through Defendant Christopher Bowe, MD, subjected Dr. Ikossi to what Dr. Ikossi describes as an "unwarranted and degrading fitness-for-duty exam by a psychologist," Am. Compl. ¶ 2, based on concerns that Dr. Ikossi alleges were mere pretexts for discrimination. As alleged, the examination requirement was unprecedented. When Dr. Ikossi initially refused to submit to what she regarded as a discriminatory requirement, St. Mary's promptly suspended her clinical privileges. Dr. Ikossi later acquiesced and passed the examination. Dr. Ikossi alleges that in the course of proceedings, St. Mary's deviated from certain standard practices to Dr. Ikossi's disadvantage and ultimately imposed a measure of discipline despite the positive assessments given not only by the examining psychologist but also by an ad hoc committee that St. Mary's separately tasked with reviewing Dr. Ikossi's practice.

In 2019, St. Mary's required Dr. Ikossi to perform additional work in its breast clinic. Dr. Ikossi did so, despite the availability of two male doctors who, like her, are "general surgeons" in St. Mary's employ. For the first few months, St. Mary's failed to act on Dr. Ikossi's requests for compensation for the additional work. St. Mary's has since hired a male surgeon to take over the work in the breast clinic. Dr. Ikossi alleges "on

information and belief" that the new male surgeon "is paid more than Dr. Ikossi for the same surgeries at the breast clinic." Am. Compl. ¶ 88.

## Discussion

In the first count of her amended complaint, Dr. Ikossi alleges that Defendants' conduct violated the Age Discrimination in Employment Act, Title VII, the Americans with Disabilities Act, and the Rehabilitation Act. Defendants argue that Dr. Ikossi fails to state a claim of employment discrimination and ask that the Court dismiss her case. I find that Dr. Ikossi has alleged plausible claims under each of the aforementioned federal statutes.

Also in her first count, Dr. Ikossi alleges that Defendants deprived her of equal rights under the law, in violation of 42 U.S.C. § 1981. This is the only claim that runs against Dr. Bowe. Defendants argue that Dr. Ikossi fails to state the claim because her claim is based on alleged negative attitudes toward the fact that she was not born in the United States and/or her accent rather than any ancestral or ethnic characteristic per se. Defendants' line drawing in this regard has an air of artificiality and I am not persuaded at this juncture that it is even based on good law. I find that Dr. Ikossi has alleged a plausible claim of discrimination based on "race," to include "ancestry" and "ethnic characteristics." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987).

Also in her first count, Dr. Ikossi alleges that Defendants violated "the prohibition in 42 U.S.C. § 12112(d)(4)(A) against requiring a medical examination 'unless such examination . . . is shown to be job-related and consistent with business necessity,'" and that this violation is probative of the merits of her disability discrimination claim. Am.

3

Compl. ¶ 95. Defendants approach the allegation as a freestanding claim and argue for its dismissal. I interpret the allegation as asserting the breach of a regulatory duty, which alleged breach could be probative of Dr. Ikossi's disability discrimination claim. I therefore deny the request for dismissal.

In the second count of her amended complaint, Dr. Ikossi alleges, on information and belief, that she was denied equal pay for certain work she was made to perform at St. Mary's breast clinic in 2019 and 2020, in violation of Maine's equal pay law, 26 M.R.S. § 628, 626-A. Defendants argue that the claim should be dismissed because it is based merely on information and belief. While that might be an appropriate ruling in another case, here Dr. Ikossi also alleges that she was made to work at the clinic with no additional compensation for months, despite what was evidently a reasonable request for compensation (St. Mary's eventually paid Dr. Ikossi for her work), and that St. Mary's only offered additional compensation after repeated requests. Given this peculiar, alleged circumstance, I find that Dr. Ikossi's allegations state a plausible unequal pay claim at present, despite being based in part on an "information and belief" allegation.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 27) is DENIED.

**SO ORDERED.**

Dated this 9th day of February, 2023.

                                            /s/ Lance E. Walker
                                            UNITED STATES DISTRICT JUDGE