UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARIA IKOSSI, M.D., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ST. MARY'S REGIONAL MEDICAL ) <br> CENTER, et al., ) <br> ) <br> Defendants ) | No. 2:22-cv-00023-LEW |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE AND DENYING MOTION TO PRESERVE**

The matter is before the Court on Defendants' Objection (ECF No. 145) to U.S. Magistrate Judge John Nivison's Recommended Decision (ECF No. 141) on Defendants' Motion to Enforce Settlement Agreement (ECF No. 77). The matter is also before the Court on Plaintiff's "Precautionary Motion" (ECF No. 144).

The parties engaged in protracted settlement discussions, including in the context of judicial settlement conferences. They notified the Court of their settlement and attempted to reduce it to writing. That effort failed, primarily if not exclusively based on a failure to agree on how payments to be made to Plaintiff would be allocated between lost wages and compensatory damages. With the benefit of an exhaustive review of the parties settlement correspondence and an evidentiary hearing, Magistrate Judge Nivison offered recommended findings and advised the Court to conclude that the parties failed to reach an agreement on all the material terms of settlement, and that Defendants' Motion to Enforce should therefore be denied.

I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and in the narrow context of this particular case record, I concur with Magistrate Judge Nivison for the reasons set forth in the Recommended Decision. On the broad issue of whether the allocation of payments for tax purposes is a material term in settlement agreements, the cases reflect, unsurprisingly, that it depends on the circumstances. Based on the way counsel communicated with each other over the course of their negotiations, I agree with Judge Nivison that "[t]he amount of the allocation matter[ed]" on both sides for purposes of a meeting of the minds and that "[o]n the record in this case, the specific allocation amount is not a term that the Court can or should supply." Rec. Dec. at 10.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (ECF No. 141) is hereby ADOPTED. Defendants' Motion to Enforce (ECF No. 77) is DENIED.

Plaintiff's Precautionary Motion (ECF No. 144) is likewise DENIED. In her Precautionary Motion, Plaintiff expresses a concern for preserving supplemental arguments that Magistrate Judge Nivison did not address. She worries that, although she prevailed before the Magistrate Judge on her Motion, she might need to object to the Magistrate Judge's decision insofar as he did not resolve her supplemental arguments. The appropriate way to remind the District Judge of the existence of supplemental grounds for adoption of the Magistrate Judge's recommendation is in Plaintiff's Response to Defendants' Objection to the Recommended Decision, which she did. Additionally,

because my own review is de novo, all of the briefing is of record for purposes of my review. Finally, Plaintiff's own memorandum of law in support of her Precautionary Motion, which includes citation to First Circuit and other circuit authority, indicates as much, making the Precautionary Motion superfluous.

**SO ORDERED.**

Dated this 11th day of July, 2025.

                                                      /s/ Lance E. Walker
                                          CHIEF U.S. DISTRICT JUDGE